IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOHN BISH AND NANCY BISH; | )<br>) |
| Plaintiffs, | )  2:16-CV-01434-CRE<br>) |
| vs. | )<br>) |
| AMERICAN COLLECTORS INSURANCE, INC., AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, AND; AND IRONSHORE INSURANCE SERVICES LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

## I.  INTRODUCTION

For the reasons that follow, defendants American Collectors Insurance, Inc. ("ACI") and American Bankers Insurance Company of Florida's ("ABI") (collectively "defendants") motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [ECF No. 3] is granted and plaintiffs' claims against ACI and ABI are dismissed with prejudice.

## II.  BACKGROUND

Plaintiffs John Bish and Nancy Bish, husband and wife, brought the present action regarding the denial of underinsured motorist ("UIM") coverage for an accident sustained by Mr. Bish. As part of the ABI insurance policy, plaintiffs purchased UIM coverage in the amount of

---

[1]  All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

$300,000.[2] On or about December 5, 2013, Mr. Bish was a pedestrian on the berm of Route 28 in Clarion County, Pennsylvania, when a motorist negligently caused his vehicle to strike Mr. Bish. As a result of the collision, Mr. Bish suffered numerous serious physical injuries including, inter alia, an orbital fracture, a partially collapsed lung, two cracked ribs, a fractured left femur, and a fractured fibula and tibia.

On March 17, 2015, plaintiffs notified ABI of their intent to file an underinsured motorist claim related to the December 5, 2013 collision. On April 14, 2015, ABI denied plaintiffs' claim and notified them that UIM benefits were not available.

The ABI policy states that "your covered auto" means:

1. Any motor vehicle shown in the Declarations, provided it is:

    a. used for exhibitions; club activities; parades; or other functions of public interest; occasional pleasure drives;
    b. not used for general transportation; and
    c. driven no more than the mileage tier indicated in the Declarations during an annual policy term.

ABI Policy [ECF 1-3 at 26].[3] The Policy Declarations Page lists one vehicle, a 1975 Volkswagen Beetle. *Id*. at 16. The UIM policy further provides that:

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

---

[2] Plaintiffs' complaint alleges that the relationship between ABI and ACI is "principal, agent, ostensible agent, servant, licensee, assignee, heir, contractor and/or subcontractor of one another, working to further the business purposes of one another." Compl. [ECF No. 1-3] at ¶ 5. It is undisputed that plaintiffs' antique automobile insurance policy was held by ABI and plaintiffs do not otherwise expand upon ACI's role in this breach of contract action. Likewise, defendants do not explain the relationship between these two entities. However, because the claims against ABI and ACI are identical, and because plaintiffs cannot state a claim for breach of contract under the insurance contract that they attribute to both ABI and ACI, a determination of the relationship of these parties is immaterial for purposes of this motion.

[3] The pinpoint citations refer to the page number located on the electronically filed document, and not the original document.

2

1. Sustained by an "insured"; and
2. Caused by an accident.

*Id*. at 33. The UIM endorsement states that "insured" as used in the policy means:

1. You or any "family member" "occupying" "your covered auto."
2. Any other person "occupying" "your covered auto."
3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1 and 2, above.

*Id*. The ABI Policy defines "occupying" as "1. In; 2. Upon; or 3. Getting in, on, out or off." *Id*. at 36.

Plaintiffs brought the instant action alleging that ACI and ABI breached the insurance contract by failing to provide coverage for Mr. Bish's UIM claim.[4] Mr. Bish also levied a bad faith insurance practices claim against ACI and ABI and Mrs. Bish levied a loss of consortium claim. ACI and ABI now move to dismiss plaintiffs' complaint and argue that the antique automobile policy does not cover plaintiffs' losses.

### III. STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[4] Plaintiffs also brings a separate breach of contract and bad faith claim against defendant Ironshore Insurance Services, LLC, however this defendant did not move to dismiss the claims against it and instead filed an answer, *see* ECF No. 16, therefore this defendant will not be discussed in this Report.

3

570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(*Id.*) (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally can consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

IV. **DISCUSSION**

Defendants' argument in support of dismissal is simple. They argue that the UIM policy language "does not provide UIM benefits when the insured is not occupying the covered automobile." Def.'s Br. [ECF No. 4] at 3 (emphasis omitted). Plaintiffs respond that the UIM policy language defining "insured" is void as it conflicts with the definition of insured in the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") and therefore plaintiffs are entitled to recover UIM benefits. Pls.' Br. in Op. [ECF No. 17] at 3-9. Thus, plaintiffs do not argue that the policy language is ambiguous, but rather that the policy should be void as against

5

public policy.

Here, Pennsylvania law applies to this diversity action. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Pennsylvania law, courts, rather than juries, generally interpret insurance contracts. *Mark I Restoration SVC v. Assurance Co. of Am.*, 248 F. Supp. 2d 397, 402 (E.D. Pa. 2003), *aff'd*, 112 F. App'x 153 (3d Cir. 2004) (citing *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 735 A.2d 100, 106 (1999)). "Ambiguous policy provisions are to be 'construed in favor of the insured and against the insurer,' but clear and unambiguous language 'must be given effect.'" *Benner v. Foremost Ins. Grp.*, No. CIV.A.07-5029, 2008 WL 3984162, at *2 (E.D. Pa. Aug. 26, 2008) (citations omitted). An insurance contract is not considered ambiguous merely because "the parties do not agree on the proper construction." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 614 (3d Cir.1995) (internal citations omitted).

The language of the UIM policy at issue is clear and unambiguous that it does not provide UIM benefits for bodily injuries sustained when the insured is not occupying – meaning not "in, upon, or getting in, on, out or off" – the covered vehicle. As previously mentioned plaintiffs do not argue that the policy's language is ambiguous, but rather that it is void as against public policy because it contravenes the MVFRL's requirement that all automobile insurance companies provide uninsured and underinsured motorist coverage. Specifically, plaintiffs explain that the policy's definition of "insured" as a person "occupying your covered auto" contradicts the MVFRL's definition of insured as "(1) An individual identified by name as an insured in a policy or motor vehicle liability insurance; (2) If residing in the household of the named insured; (i) a spouse or other relative of the named insured; or (ii) a minor in the custody of either the named insured or relative of the named insured." Pls.' Br. in Op. [ECF No. 17] at 5

(quoting 75 Pa.C.S.A. § 1702). Simply stated, plaintiffs contend that the condition that the insured sustained bodily injury while occupying the covered vehicle impermissibly narrows the definition of insured as defined in the MVFRL and should be void as against public policy. Plaintiffs' argument is unavailing, however, as other courts when faced with this issue have found that it is not contrary to the MVFRL to define an insured under an antique automobile insurance policy as a person occupying the covered vehicle when the injury is sustained. See *St. Paul Mercury Ins. Co. v. Mittan*, No. CIV.A. 01-5372, 2002 WL 31928446, at *1 (E.D. Pa. Dec. 31, 2002) ("*Mittan*") (antique automobile insurance policy defining insured as one occupying covered vehicle did not impermissibly narrow definition of "insured" under MVFRL and policy holder was not entitled to UIM benefits); *St. Paul Mercury Ins. Co. v. Corbett*, 428 Pa. Super. 54, 62-64, 630 A.2d 28, 32-34 (1993) ("Corbett") (antique automobile insurance policy defining insured as one occupying covered vehicle did not impermissibly narrow definition of "insured" under MVFRL and policy holder was not entitled to UM benefits and reasoning that an antique vehicle's limited use justifies such coverage); *St. Paul Mercury Ins. Co. v. Perry*, 227 F. Supp. 2d 430, 434 (E.D. Pa. 2002) ("*Perry*") (upholding antique automobile insurance policy language limiting UIM coverage to only those occupying the covered vehicle).

For example, in *Mittan* the policy holder was involved in an automobile accident involving a vehicle covered under a different policy and sought to recover UIM benefits under a separate antique automobile insurance policy. *Mittan*, 2002 WL 31928446 at *1. The antique automobile insurance policy defined "insured" as "any person occupying your covered auto." *Id.* at *2. The court found that this was clear language "requiring the insured to be in the covered antique automobile in order to recover UIM benefits" and found that the policy holder was not entitled to recover UIM benefits under the antique auto insurance policy because he was not

occupying the covered vehicle when involved in the auto accident. *Id*. at \*4. The court likewise rejected the policy holder's public policy argument that the antique auto insurance policy's definition of "insured" was contrary to the MVFRL. *Id*. at \*5. The court opined:

> Mittan proceeds to argue that excluding UIM benefits is contrary to public policy and the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law (PMVFRL). *See Quinney* [*v. Am. Modern Home Ins. Co.*], 145 F.Supp.2d [603] at 610 (clear and unambiguous language is valid and enforceable unless it violates public policy). Section 1731(a) of the []MVFRL states that "[n]o motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein." 75 Pa.C.S.A. § 1731(a). Nevertheless, UIM coverage can be limited to clear and unambiguous policy limitations. *Corbett*, 630 A.2d at 30. *See also Perry*, 2002 WL 31300085 ("Pennsylvania courts have consistently upheld "family use" exclusions as consistent with public policy."); *Pempkowski v. State Farm Mut. Auto. Ins. Co.*, 451 Pa.Super. 61, 678 A.2d 398, 402 (Pa.1996) (explaining that UM/UIM coverage may be restricted by the clear and express terms of the insurance policy). Moreover, the Pennsylvania Insurance Department has indeed approved language that limits UM/UIM protection to only those situations where the insured is injured while occupying the antique automobile in the specific framework of antique automobile policies. In *Scheidly v. St. Paul Mercury Ins. Co.*, 1999 LEXIS 12463 (E.D.Pa.1999), *aff'd*, 215 F.3d 1315 (3d Cir.2000), an insured under a St. Paul antique automobile policy alleged that the insurance company failed to comply with the []MVFRL when it refused to provide UM benefits unless the insured occupied the covered automobile at the time of the accident. *Id*. at \*3. The Insurance Department's Office of Rate and Policy Regulation "found the endorsement to be 'acceptable' with respect to Antique Motor Coverage." *Id.* at \*11. In the end, Mittan's public policy argument must fail and the clear and unambiguous policy language, limiting UIM benefits to when an insured has occupied the covered antique automobile, must be enforced.

*Id*. at \*5. *Accord Perry and Corbett supra*.

This Court agrees with the reasoning of *Mittan, Corbett and Perry supra*, and rejects Plaintiff's public policy argument to void the antique automobile insurance policy's definition of "insured." The clear and unambiguous language of the antique automobile insurance policy limiting UIM benefits to Mr. Bish only if he sustained bodily injuries while occupying the covered antique automobile is not contrary to the MVFRL.

Likewise, the cases cited by plaintiffs are factually inapposite, as they do not involve the issue of defining "insured" under an antique automobile insurance policy as a person "occupying" the vehicle at the time injuries are sustained. *See Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 567 Pa. 514, 518, 788 A.2d 955, 957 (2001) (whether the insurance policy's exclusion of "government vehicles from the definition of underinsured motor vehicles violated" the MVFRL); *Prudential Prop. & Cas. Ins. Co. v. Colbert*, 572 Pa. 82, 85, 813 A.2d 747, 748 (2002) (general-use automobile insurance policy impermissibly narrowed the scope of the definition of "insured" in violation of the MVFRL but found that the insurance policy's "other household vehicle" exclusion was not void for public policy); *Richmond v. Prudential Prop. & Cas. Ins. Co.*, 2004 Pa.Super 328, 856 A.2d 1260, 1266-72 (2004) (general-use automobile insurance policy impermissibly narrowed the scope of the definition of "insured" in violation of the MVFRL by including a resident relative only while using the covered vehicle). Therefore, plaintiffs' breach of contract claim is dismissed with prejudice as amendment would be futile.

Because plaintiffs cannot state a breach of contract claim against ABI or ACI, it follows that their remaining claims for bad faith and loss of consortium likewise must be dismissed with prejudice as these claims are predicated on the denial of benefits under the antique automobile insurance policy. *See Pizzini v. American International Specialty Lines Insurance Co.*, 249 F.Supp.2d 569 (E.D.Pa.2003) ("an insurer with no duty to . . . indemnify its insured could not have acted in bad faith in violation of [42 Pa. Cons.Stat. Ann.] § 8371."); *Hampton v. Geico Ins. Co.*, 759 F. Supp. 2d 632, 646 (W.D. Pa. 2010) (same); *Murray v. Commercial Union Ins. Co. (Commercial)*, 782 F.2d 432, 438 (3d Cir. 1986) (loss of consortium claim under Pennsylvania law is a derivative of a breach of contract and only recoverable where the defendant is liable to the spouse); *Little v. Jarvis*, 219 Pa. Super. 156, 280 A.2d 617, 620 (1971) (same); *Meyers v.*

*Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017) (allowing loss of consortium claim to proceed to discovery only where the underlying breach of contract claim made pursuant to a UIM policy was not dismissed).

Accordingly, defendants' motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is granted and plaintiffs' claims against ACI and ABI are dismissed with prejudice.

## V. CONCLUSION

Based on the foregoing, defendants' motion to dismiss [ECF No. 3] is granted and plaintiffs' claims against ACI and ABI are dismissed with prejudice. An appropriate Order follows.

Dated: March 13, 2017

By the Court,
s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: *Counsel of record via CM/ECF electronic filing*